(No. 83-CC-275▮▮▮▮▮▮▮▮

ILLINOIS MASONIC MEDICAL CENTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 7, 1985.*

BISWURM & MYERS, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This matter coming to be heard on the motion of the Respondent to dismiss the claim herein, due notice having been given and the Court being fully advised, finds as follows:

Claimant has brought this action seeking payment for hospital and medical services provided by the Claimant to an individual patient. Claimant has alleged that the patient was medically indigent and therefore the Illinois Department of Public Aid (IDPA) is liable for payment for the hospitalization and medical care

provided. Claimant has also stated that an application for medical assistance made on behalf of this patient was denied by IDPA.

The Court has previously ruled, and again so rules that:

1. Section 11 of the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—1 *et seq.*) provides for a system of administrative hearings and appeals for applicants for aid under the Code. That section states that article III of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) "shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Illinois Department (of Public Aid)." Under article III, jurisdiction to review final administrative decisions is vested in the circuit courts. That fact prevents the Court of Claims from assuming jurisdiction over this matter;

2. This Court has jurisdiction under the Illinois Public Aid Code to entertain vendor payment claims. Such claims are limited to actions for payment for goods or services furnished to or in behalf of recipients. A recipient is one who is currently receiving aid from IDPA or who has been found eligible for such aid. This patient was not a recipient of aid nor had the patient been found eligible for aid. Therefore, this Court can not entertain this action;

3. Claimant has no standing to bring this claim, as the Illinois Public Aid Code does not give vendors of goods or services an opportunity to appeal the administrative decisions of IDPA regarding eligibility for aid under the Code.

It is hereby ordered that the motion of the

Respondent be, and the same is, hereby granted and the claim herein is accordingly dismissed.